UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | CASE NUMBER: 3:02CR341 (EBB) |
| : | |
| v. : | March 21, 2005 |
| : | |
| SHORELINE MOTORS CORPORATION : | |
| et al. : | |

**GOVERNMENT'S OMNIBUS RESPONSE
TO REMAINING PENDING MOTIONS**

In October 2004, a grand jury returned a 22-count Third Superseding Indictment ("Indictment") in the above-captioned case.  Count 1 of the Indictment charges all defendants with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371.  Counts 2 through 22 charge various defendants with wire fraud, in violation of 18 U.S.C. § 1343.

As described in the Indictment, defendant Shoreline Motors Corporation operated an automobile dealership in Branford, Connecticut, known as Shoreline Mitsubishi.  The remaining individual defendants were the General Manager and several salespersons at Shoreline Mitsubishi.  The indictment alleges a wide-ranging scheme to defraud Mitsubishi Motors Credit of America, Inc. ("Mitsubishi Credit") of Cypress, California, as well as numerous customers of Shoreline Mitsubishi.  In particular, the defendants allegedly submitted false customer credit information to Mitsubishi Credit by fax and, later, via the Internet using Daybreak Lending Software.  Most commonly, the defendants inflated the customers' incomes above the truthful income figures that the customers had provided to the dealership.  The false credit applications were submitted to Mitsubishi Credit in order to deceive Mitsubishi Credit concerning the customers' income and other material information, and thereby to induce Mitsubishi Credit to

approve the extension of credit to customers of Shoreline Mitsubishi. The evidence at trial will show that the customers would not have qualified for automobile financing at all or for the amounts approved by Mitsubishi Credit had the fraudulent information not been provided to Mitsubishi Credit. The evidence also will show that Shoreline Mitsubishi profited from the sales of the automobiles in question, that the defendants received commissions and/or profits based on the sales and, as such, benefitted financially from the fraud.

The defendants all have been provided with substantial discovery. In addition, the defendants have been notified that all of the Government's files in this matter (with the exception of attorney work product and grand jury material) are available for their review.

Following the return of the Indictment, defendant Rivera filed additional motions. The Government filed responses to those motions and the Court has ruled that those motions were mooted by the Government's motion to strike the sentencing allegations which had been included in the Third Superseding Indictment.

Several defendants have other pretrial motions pending. The Government previously filed a response to defendant Rivera's motion for additional peremptory challenges [Document #274]. That motion is pending before the Court.[1] Also pending are various motions filed by defendants Hernandez, Richard Brown, and Datil, some of which have been joined by other

---

[1] The Government believes that it would be prudent to withhold ruling on defendant Rivera's motion for additional peremptory challenges until shortly before jury selection. The Government is in negotiations with several defendants concerning plea dispositions, and it seems likely that by the time of jury selection there will be fewer than the seven defendants currently remaining in the case.

defendants.[2]  Those motions were addressed to the original indictment.  The Government anticipated that some of those motions would be withdrawn in light of the substantial discovery which has been provided to date.  However, as of this date, that has not occurred.  Accordingly, this Omnibus Response addresses all outstanding motions that are pending and as to which the Government has not previously responded.

## INDEX

A.  **Request Pursuant to Rule 12(b)(3) & 41 of the Federal Rules of Criminal Procedure**
    (R. Brown [Doc. #93], joined by D. Brown [Doc. #97]) . . . . . . . . . . . . . . . . . . . . . . . . .  4

B.  **Motion for True Identity of Cooperating Witness(es)**
    (R. Brown [Doc. #94], joined by D. Brown [Doc. #97]) . . . . . . . . . . . . . . . . . . . . . . . . .  5

C.  **Motion to Preserve Agents' Notes**
    (R. Brown [Doc. #92], joined by D. Brown [Doc.#97]) . . . . . . . . . . . . . . . . . . . . . . . . . 11

D.  **Motion for Disclosure of Surveillance Evidence**
    (R. Brown [Doc. #91], joined by D. Brown [Doc. #97]) . . . . . . . . . . . . . . . . . . . . . . . . 11

E.  **Motion for Statements of Co-Conspirators**
    (R. Brown [Doc. #90], joined by D. Brown [Doc. #97]; and Datil [Doc. #70], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc.#79], and Dominguez [Doc. #117]) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

F.  **Motion for Disclosure Under Rule 16(a)(1)(E)**
    (R. Brown [Doc. #89], joined by D. Brown [Doc. #97]; and Hernandez [Doc. #143]) . 13

G.  **Motion for Jencks Act Material**
    (R. Brown [Doc. #88], joined by D. Brown [Doc. #97]) . . . . . . . . . . . . . . . . . . . . . . . . 14

---

[2]  Defendant Vetre filed a motion for a severance [Doc.#125], and also joined in many of his co-defendants' motions. [Doc.#124]  Vetre subsequently withdrew his motion for a severance. [Doc.#287]  On March 7, 2005, Vetre changed his plea to guilty with respect to Counts 1 and 15 of the Indictment.  By virtue of the change plea, Vetre effectively also withdrew his joinder in his co-defendants' motions.  Similarly, defendant Jose Concepcion's change of plea effectively withdrew his joinder in several co-defendants' substantive motions. [See Doc. #80.]

| | | |
|---|---|---|
| **H.** | **Motion for Giglio Material** <br> (R. Brown [Doc. #87], joined by D. Brown [Doc. #97]; and Datil [Doc. #62], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], Dominguez [Doc. #117], and Hernandez [Doc.#143]) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 15 |
| **I.** | **Motion for Brady Material** <br> (R. Brown [Doc. #86], joined by D. Brown [Doc.#97]; and Datil [Doc. #60], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc.#79], Dominguez [Doc. #117], and Hernandez [Doc. #143]) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 15 |
| **J.** | **Motion for Disclosure Pursuant to Rule 404(b) of the Federal Rules of Evidence** <br> (R. Brown [Doc. #85], joined by D. Brown [Doc. #97]; and Datil [Doc. #74], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], and Dominguez [Doc. # 117]) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 |
| **K.** | **Motion in Limine Re: Prior Misconduct** <br> (Datil [Doc. #66], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], R. Brown [Doc. #84], Dominguez [Doc. #117], and Hernandez [Doc. #143]) . . | 17 |
| **L.** | **Motion for Pre-trial Disclosure of Demonstrative Evidence** <br> (Datil [Doc. #64], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], R. Brown [Doc. #84], and Dominguez [Doc. #117]) . . . . . . . . . . . . . . . . . . . . . . . | 17 |
| **M.** | **Motion for Notice of Intent to Use Residual Hearsay Exception** <br> (Datil [Doc. #77], joined by R. Brown [Doc. #84]) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 18 |
| **N.** | **Motion to Compel Notice From the Government of Intention to Use Evidence** <br> (Datil [Doc. #72], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], R. Brown [Doc. #84], and Dominguez [Doc. #117]) . . . . . . . . . . . . . . . . . . . . . . | 18 |

**************

# DISCUSSION

**A. Request Pursuant to Rule 12(b)(3) & 41 of the Federal Rules of Criminal Procedure**
<u>(R. Brown [Doc. #93], joined by D. Brown [Doc. #97])</u>

Richard Brown and David Brown have requested notice regarding any evidence the

Government intends to introduce in its case-in-chief that would be subject to a motion to

suppress pursuant to Rule 12(b)(3) and 41 of the Federal Rules of Criminal Procedure. The

moving defendants have asked for notice of any verbatim statements or substance of statements, oral or written, and any physical evidence or tangible evidence, which will be offered as evidence and which could be the subject of a motion to suppress.

With regard to oral or written statements to be introduced in its case-in-chief, the Government is in possession of no such statements made by Richard Brown except to the extent documents from Shoreline Mitsubishi relating to Richard Brown's transactions can be considered his "statements." The Government has previously disclosed interview reports relating to all statements made by David Brown that the Government may introduce in its case-in-chief. In particular, the Government has provided a copy of a Branford police report relating to a statement made by David Brown, as well as a memorandum written by a Secret Service agent detailing statements made by David Brown.

With regard to physical evidence, the Government has disclosed to the defendants the existence of various items of physical evidence that it may seek to introduce at trial. Prior to trial, the Government will provide all defendants with an exhibit list and copies (most likely in electronic form) of such exhibits.

In light of the disclosures already made to the defendants and the Government's undertaking to provide copies of all exhibits prior to trial, the Government submits that the Court should deny Richard Brown's request pursuant to Rule 12(b)(3) and 41 as moot.

**B.    Motion for True Identity of Cooperating Witness(es)**
       (R. Brown [Doc. # 94], joined by D. Brown [Doc. #97])

Defendants Richard Brown and David Brown have moved the Court for an Order requiring the Government to "disclose the true identity and whereabouts of cooperating

witness(es) (sic) utilized by the Government in this case, and to allow the Defendant to interview this witness." Motion at 1. Because the defendants have not met their burden of showing that the identity of the witness is relevant, let alone material to their defense, the motion should be denied.

In connection with the application for a search warrant executed at Shoreline Mitsubishi in this case in September 2002, the Government submitted an affidavit of Special Agent Thomas Armas of the United States Secret Service. The affidavit recounted information provided by a number of individuals concerning alleged illegal activity at Shoreline Mitsubishi. In addition to the several Shoreline Mitsubishi customers identified in the affidavit, Special Agent Armas based his affidavit, in part, on information he received from an informant. The affidavit recited that the informant had personal information concerning the activities at Shoreline Mitsubishi because the informant had been employed at the dealership,[3] and that the informant was aware that Shoreline Mitsubishi employees altered pay stubs from prospective customers to make it appear that the customers had larger incomes so that Mitsubishi Credit would grant credit to those customers. The Government does not intend to call the informant at trial.

1.    <u>Applicable Legal Principles</u>

It is well settled that disclosure of the identity of an informant is committed to the discretion of the district court. See <u>DiBlasio v. Keane</u>, 932 F.2d 1038, 1042 (2d Cir. 1991). The defendant bears the burden of establishing that such disclosure is "relevant and helpful to the

---

[3]    The informant is identified in Special Agent Armas' affidavit as an employee of Shoreline Mitsubishi who had worked at the dealership during two periods between November 2001 and August 2002. For the purposes of this response and without waiving any arguments against disclosure of the informant's identity, the Government represents that the informant was a salesperson at Shoreline Mitsubishi.

defense of the accused, or is essential to a fair determination" of the defendant's case. Roviaro v. United States, 353 U.S. 53, 60-61 (1957). "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id. The Government's "interest in protecting the anonymity of informants who furnish information regarding violations of law is strong - withholding an informant's identity improves the chances that such a person will continue providing information and encourages other potential informants to aid the government." United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).

The defendant must demonstrate that the informant's testimony is "material" to the defense. DiBlasio, 932 F.2d at 1042; United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988); see United States v. Russotti, 746 F.2d 945, 949 (2d Cir. 1984) ("essential to defense"). Additionally, it is not sufficient for the informant merely to have been a witness to or a participant in the crime charged to warrant disclosure. United States v. Jimenez, 824 F. Supp. 351, 364 (S.D.N.Y. 1993); see Saa, 859 F.2d at 1073.

2. The Defendants' Arguments Lack Merit.

The defendants argue that the identity of the informant should be disclosed because: (a) the informant "may have been present for many undercover meetings and transactions"; (b) the informant "may have offered inducements to and attempted to persuade the co-defendants to participate in the criminal activity"; (c) the informant "may have supplied the instrumentalities of

the crime including firearms and other items"; and (d) "the informant may have arranged for transportation of the contraband." Motion at 2.

   These suppositions simply do not apply to the facts of this case. There were no "undercover meetings and transactions" in this case. There are no allegations related to firearms. Nor are there any allegations related to the transportation of contraband. The instrumentalities of the crime (if that term even applies in this wire fraud case) were the false credit applications, the facsimile machines, the computers used in connection with the Daybreak system, and to some extent the automobiles sold to the customers. These "instrumentalities" were obviously supplied by Shoreline Mitsubishi, not the informant. Unlike a "sting" operation, the investigation in this case was historical. There were no wiretaps, and no undercover officers or cooperating witnesses were sent into the dealership to make videotapes or audiotapes of transactions. Thus, there were no "inducements" offered by the informant to persuade the co-defendants to participate in the criminal activity. The informant did not do any active investigative work for the Government, but rather only provided information about the goings-on at the dealership.

   The defendants raise a number of other arguments that are equally inapposite. For instance, they assert they have established that the witness' "probable testimony may bear direct relationship to [the] defense of general denial and [the] motion for suppression of wiretaps and electronic surveillance." Motion at 4. However, as noted above, there were no wiretaps or electronic surveillance in this case and there is no corresponding motion for suppression of wiretaps and electronic surveillance or any other motion to suppress. The defendants further contend that if they are able to speak with the "witnesses in advance of trial, the Defendant will be better prepared to challenge those witnesses' statements at trial and may be able to rebut their

testimony." Motion at 4. This assertion is also not on point. There is no "probable testimony" that will be provided by this witness as the Government does not intend to call the witness at trial. Thus, there is no testimony that the defendants will need to rebut. In short, the factors cited and the arguments raised in the defendants' motion are not relevant to the facts of this case and, accordingly, do not satisfy the defendants' heavy burden.

       3.      <u>This Case Does Not Require Disclosure.</u>

The conspiracy alleged in the Indictment took place over a number of years and involved hundreds of transactions. The instant case is thus distinguishable from <u>Roviaro</u>, in which disclosure was required because the informant was the key participant in a one-time offense, having purchased narcotics from the defendant. Here, the informant was one of many salespersons at Shoreline Mitsubishi. Moreover, he was not the salesperson for any of the transactions as to which the Government will introduce evidence at trial.

The Government has provided the attorneys for the defendants with a tentative list of witnesses that contains 72 witnesses. The informant is not on that list. It follows logically that the informant is not a pivotal witness. The defendants' boilerplate motion is, at best, an attempt to speculate that knowledge of the informant's identity may offer some slight assistance in preparing a defense. However, "'[m]ere speculation ... that the informant may possibly be of some assistance does not overcome the strong public interest in protecting informants.'" <u>Jimenez</u>, 824 F. Supp. at 365 (alteration in original) (quoting <u>United States v. Martinez</u>, 634 F. Supp. 1144, 1150 (S.D.N.Y. 1986)); <u>see also</u> <u>United States v. Berrios</u>, 501 F.2d 1207, 1211 (2d Cir. 1974) (disclosure of informant's identity not permitted to allow a "fishing expedition"). Even if the defendants could establish that by learning the name of the informant they could

somehow cast some doubt on the general credibility of witnesses the Government intends to call, which the defendants have not established, it is well settled that even such a showing is "normally an insufficient basis to overcome the informant's privilege." Saa, 859 F.2d at 1073 (quoting Russotti, 746 F.2d at 950) (internal quotation marks omitted).

Finally, the informant was described in the search warrant affidavit as having been employed by Shoreline Mitsubishi between November 2001 and August 2002. The moving defendants also were employees of Shoreline Mitsubishi during that period. They know who worked alongside them. Their attorneys have also been provided in discovery with a list of employees of the dealership. Thus, to the extent the defendants need to conduct interviews of employees and otherwise prepare their defenses, they can do so without being told which of their fellow employees was the informant. The defendants have had plenty of time to determine through ordinary means and proper due diligence what, if any, information the various employees of Shoreline Mitsubishi possessed. Thus, all of the information necessary to prepare a defense and to insure a fair trial has been well within the defendants' grasp.

In sum, the defendants have failed to make even the barest of showing that the informant's testimony would be material to their defense. The arguments advanced in support of their motion carry little, if any, weight in meeting the heavy burden required to establish that the informant's name should be disclosed. Thus, the Government's interest in protecting the identity of the informant outweighs the defendants' generalized and unsupported statement of need to learn the informant's identity. Accordingly, the motion should be denied.

**C.    Motion to Preserve Agents' Notes**
       (R. Brown [Doc. #92], joined by D. Brown [Doc. #97])

Richard Brown and David Brown have moved for an Order compelling the investigative agents to retain their investigative notes of all transactions and matter leading to the indictment. The Government does not object to preserving any rough notes of interviews conducted by the federal and local law enforcement agents in this case, and has requested that the agents preserve such notes.[4] In light of this request, the Government believes that the Court should deny this motion as moot.

**D.    Motion for Disclosure of Surveillance Evidence**
       (R. Brown [Doc. #91], joined by D. Brown [Doc. #97])

Richard Brown and David Brown have moved for disclosure of all surveillance evidence of the moving defendants conducted by the Government, including but not limited to any surveillance conducted in connection with a court-authorized wiretap.

As mentioned above, there were no wiretaps in this case. In addition, while Branford police officers at various times surveilled Shoreline Mitsubishi, there was no specific surveillance conducted of any of the moving defendants. In light of the above, the Court should deny this motion as moot.

**E.    Motion for Statements of Co-Conspirators**
       (R. Brown [Doc. #90], joined by D. Brown [Doc. #97]; and Datil [Doc. #70], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc.#79], and Dominguez [Doc. #117])

Richard Brown and David Brown have moved for disclosure of any and all statements made by any coconspirators which allegedly were made in furtherance of the alleged conspiracy

---

[4]    By agreeing to preservation of such notes, the Government does not waive any appropriate objection to disclosure of said notes at trial, to the extent such notes exist.

11

and which the Government intends to offer as evidence against the moving defendants. The Government has learned from several cooperating witnesses that Angel Hernandez held one or more meetings of all salespersons and managers at Shoreline Mitsubishi at which Hernandez told the salespersons in essence that they should let the managers know if they had already inflated a customer's income because Hernandez was concerned that if the managers also inflated a particular customer's income a second time, the income figure might seem too high and might generate suspicion at Mitsubishi. At another such meeting, Angel Hernandez allegedly told the salespersons in essence not to inflate incomes because the managers were the ones who knew how to inflate incomes correctly. Angel Hernandez also at various times allegedly told his coconspirators in essence that the "Monroney" labels on cars were being removed by the clean-up staff prior to the delivery of the cars to the purchasing customers. In addition to these statements, the Government has provided the defendants with the substance of all other statements made by coconspirators it presently intends to introduce into evidence. Should the Government decide to introduce any other such statements into evidence, it will provide notice of such to the defendants as soon as practicable prior to trial.

     Datil has filed a similar but somewhat broader motion, joined by Shoreline Motors Corporation, David Brown, and Dominguez, seeking all written or recorded statements made by coconspirators before or after arrest, as well as the substance of any oral statement in response to interrogation by any person known by the coconspirator to be a Government agent, that the Government intends to introduce at trial. The Government in discovery has already provided the defendants with all such statements in its possession. To the extent the Government obtains

additional statements of coconspirators that it intends to introduce at trial, it will promptly turn such statements over to the defendants.

Given the disclosures which already have been made, the Government respectfully submits that these motions should be denied as moot.

**F.     Motion for Disclosure Under Rule 16(a)(1)(E)**
        (R. Brown [Doc. #89], joined by D. Brown [Doc. #97]; and Hernandez [Doc. #143])

Richard Brown and David Brown have moved, pursuant to Fed. R. Crim. P. 16(a)(1)(E), for disclosure of a written summary of any expert testimony the Government intends to use at trial. The Government previously has notified the defendants that it does not intend to introduce any expert evidence in its case-in-chief. However, the Government reserves its right to introduce expert evidence in its rebuttal case, should any defendants present expert testimony.[5]

Angel Hernandez has filed a broader request under Fed. R. Crim. P. 16, seeking disclosure under Rule 16(a)(1)(A) through (a)(1)(E). The Government has already provided voluminous discovery to all defendants pursuant to Rule 16, and as this is an open file matter, has invited all defense counsel to inspect and copy all records within the Government's possession with the exception of attorney work product and grand jury material.

In light of the above, the Government submits that the Court should deny these motions as moot.

---

[5]     To date, no defendant has disclosed any potential defense expert witnesses as well as the bases and summaries of their opinions under Section B(2) of the Court's Standing Order on Pretrial Discovery.

**G.    Motion for Jencks Act Material**
(R. Brown [Doc. #88], joined by D. Brown [Doc. #97]; and Datil [Doc.#68], joined by Shoreline Motors Corporation [Doc. #83] and Dominguez [Doc. #117])

Richard Brown and David Brown have moved for an order requiring disclosure of witnesses' statements under the Jencks Act, 18 U.S.C. § 3500.  As noted above, this is an open file matter.  The Government has periodically provided the defendants with copies of witness interview reports.  At least 200 reports have been provided to date.  The Government will continue to produce such reports to the defendants on a rolling basis leading up to the trial.  In any event, the Government intends to provide all remaining Jencks Act material in its possession, including grand jury transcripts, to the defendants no later than two weeks before the start of the evidence in this case.  To the extent additional Jencks Act material comes into the Government's possession less than two weeks before the start of the evidence, the Government will produce such material promptly to the defendants.

Datil, joined by Shoreline Motors Corporation and Dominguez, has filed a motion for early production of Jencks Act material.  These defendants ask that the Court order the Government to provide such material to the defendants at least 30 days prior to trial.  As noted above, the Government has provided the defendants with voluminous interview reports over the course of more than two years.  In addition, as stated above, the Government will undertake to provide the defendants with all remaining Jencks Act material at least two weeks prior to the start of the evidence.  The Government respectfully submits that, in light of the disclosures that have been made, the contemplated timetable proposed by the Government is reasonable.  The Government submits that the defendants have made no showing of "particularized need" that would warrant earlier disclosure of grand jury transcripts.  See United States v. Sells Eng'g, 463

U.S. 418, 443 (1983). Accordingly, the Government respectfully submits that these motions should be denied as moot.

**H.    Motion for Giglio Material**
(R. Brown [Doc. #87], joined by D. Brown [Doc. #97]; and Datil [Doc. #62], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], Dominguez [Doc. #117], and Hernandez [Doc. #143])

Two motions have been filed for *Giglio* material. The Government has provided *Giglio* material concerning several potential witnesses. For example, the Government has provided copies of plea agreements and cooperation agreements concerning several witnesses who will testify in the Government's case-in-chief. The Government also has recently provided updated criminal histories for all potential Government witnesses who have criminal records. In short, the Government is aware of its *Giglio* obligations and has complied with and will continue to comply with such obligations. Accordingly, the Government respectfully submits that these motions should be denied as moot.

**I.    Motion for Brady Material**
(R. Brown [Doc. #86], joined by D. Brown [Doc. #97]; and Datil [Doc. #60], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], Dominguez [Doc.#117], and Hernandez [Doc. #143])

Two motions have been filed for *Brady* material. The Government has provided all known *Brady* material in discovery, and it is anticipated that such material will be used by the defendants in their cross-examination of Government witnesses. In short, the Government is aware of its *Brady* obligations and has complied with and will continue to comply with such obligations. Accordingly, the Government respectfully submits that these motions should be denied as moot.

**J.    Motion for Disclosure Pursuant to Rule 404(b) of the Federal Rules of Evidence**
(R. Brown [Doc. #85], joined by D. Brown [Doc. #97]; and Datil [Doc. #74], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], and Dominguez [Doc. # 117])

Two motions have been filed for disclosure of any evidence the Government intends to introduce at trial under Fed. R. Evid. 404(b). In addition to evidence concerning the manners and means already alleged in Count 1 of the Indictment, the Government intends to introduce evidence under Fed. R. Evid. 404(b) that the defendants willfully underappraised trade-in vehicles to deprive customers of the fair market value of such cars. In addition, the Government will introduce evidence that defendants Hernandez and Dominguez concocted a scheme to defraud Anthony Hernandez (the majority owner of Shoreline Mitsubishi) of some of the value of trade-in cars when such used cars were sold to various wholesalers. In addition, the Government intends to introduce evidence that another lender besides Mitsubishi Credit was defrauded by the defendants. In particular, there will be evidence that Fairlane Credit, a subprime lender used on occasion to finance used car purchases at Shoreline Mitsubishi, was defrauded by virtue of bogus down payments included by the defendants to make it appear that the customers had provided some of their own funds as part of the sales. These bogus down payments were known at Shoreline Mitsubishi as "fugazys." All of the above-described evidence will be introduced through the testimony of witnesses who were employees of Shoreline Mitsubishi and through documentary exhibits that also have been or will be disclosed to the defendants prior to trial. The evidence will be admissible under Fed. R. Evid. 404(b) as proof of motive, intent, plan, and absence of mistake. In light of the above disclosures, the Government respectfully submits that these motions should be denied as moot.

16

**K.     Motion in Limine Re: Prior Misconduct**
        (Datil [Doc. #66], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], R. Brown [Doc. #84], Dominguez [Doc. #117], and Hernandez [Doc. #143])

Datil and several co-defendants have moved in limine for an order precluding the Government from eliciting any evidence on direct or cross-examination about any crimes with which they were charged elsewhere; crimes for which they were convicted; and any other "bad acts" or uncharged crimes attributed to them. Datil and several other defendants do have criminal convictions on their records. The Government will not seek to introduce evidence in its case-in-chief concerning such convictions or any other arrests or other uncharged "bad acts" (with the exception of the acts described above which are admissible under Fed. R. Evid. 404(b)). To the extent any of the defendants elect to testify in their own defense, however, the Government may well seek to impeach those defendants with the facts of their prior convictions to the extent permitted under Fed. R. Evid. 609. The Government submits that the Court should wait to rule on a motion to exclude such impeachment evidence until the Government seeks to introduce such evidence at trial. At that point, the Court can make its ruling based on all the evidence adduced up to that point in the trial. Accordingly, the Government respectfully submits that the Court should deny this motion without prejudice to renewal at trial.

**L.     Motion for Pre-trial Disclosure of Demonstrative Evidence**
        (Datil [Doc. #64], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], R. Brown [Doc. #84], and Dominguez [Doc. #117])

Datil and several joining defendants have moved for an order directing the Government to disclose prior to trial any demonstrative evidence. The Government does anticipate that it will seek to introduce several summary charts and demonstrative exhibits at trial. Those exhibits have not yet been finalized. As soon as practicable prior to trial, the Government will disclose to

defense counsel all demonstrative exhibits and summary charts that it intends to introduce as trial exhibits.[6] However, additional charts and demonstrative exhibits may be created during trial based on the evidence as it develops. To the extent this occurs, the Government will provide the defendants with copies of such additional demonstrative exhibits as soon as possible after they are completed. In light of these representations, the Government submits that the Court should deny this motion as moot.

**M.**     **Motion for Notice of Intent to Use Residual Hearsay Exception**
         (Datil [Doc. #77], joined by R. Brown [Doc. #84])

Datil and Richard Brown have moved for an Order requiring the Government to provide notice of its intent to use the residual hearsay exception, Fed. R. Evid. 807. At this time, the Government does not intend to introduce any evidence by way of the residual hearsay exception. Should the Government decide to offer any evidence under Rule 807, it will make prompt disclosure to that effect to the defendants. In light of the above, the Government submits that the Court should deny this motion as moot.

**N.**     **Motion to Compel Notice From the Government of Intention to Use Evidence**
         (Datil [Doc. #72], joined by Shoreline Motors Corporation [Doc. #83], D. Brown [Doc. #79], R. Brown [Doc. #84], and Dominguez [Doc. #117])

Datil and several defendants have moved for an Order compelling the Government to provide notice of its intention to use evidence at trial. It is asserted that such an order is necessary for the defendants to determine whether to move to suppress any such evidence. The Government has provided discovery to the defendants on a rolling basis in this case for more

---

[6] It is also likely that the Government will seek to use demonstrative aids that will not be offered as trial exhibits. In particular, the Government may use such items during its closing arguments.

than two years. To date, no defendants have filed motions to suppress any evidence. Moreover, at least two weeks prior to trial, the Government will provide defense counsel with copies of the exhibits the Government has marked up to that point. While the Government will likely have marked the vast majority of its exhibits at least two weeks prior to trial, the Government reserves the right to add to these Government exhibits as necessary. However, the Government will undertake promptly to provide to defense counsel copies of any additional exhibits that are marked within two weeks of trial.

                                    Respectfully submitted,

                                    KEVIN J. O'CONNOR
                                  UNITED STATES ATTORNEY

                                  JONATHAN BIRAN
                                  ASSISTANT U.S. ATTORNEY
                                  Federal Bar No. ct21922

                                  MICHAEL S. McGARRY
                                  ASSISTANT U.S. ATTORNEY
                                  Federal Bar No. ct25713
                                  United States Attorney's Office
                                  157 Church Street, 23rd Floor
                                  New Haven, CT 06510
                                  (202) 821-3700

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was sent by facsimile transmission and U.S. mail, postage prepaid, this 21st day of March, 2005, to the following counsel of record:

Edmund Q. Collier, Esq.
Dey, Smith & Collier LLC
771 Boston Post Road
Milford, CT 06460
(counsel for Shoreline Motors Corporation)

Jeffrey Olgin, Esq.
74 Rose Hill Rd.
Branford, CT 06405
(counsel for Angel Hernandez)

Thomas G. Dennis, Esq.
Federal Public Defender
10 Columbus Blvd. 6th Floor
Hartford, CT 06106-1976
(counsel for Michael Rivera)

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511
(counsel for Nelson Datil)

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109
(counsel for David Brown)

Salvatore DePiano, Esq.
Edward F. Czepiga II, Esq.
56 Lyon Terrace
Bridgeport, CT 06604
(counsel for Richard Dominguez)

Michael S. Hillis, Esq.
Dombroski Knapsack & Hillis LLC
129 Whitney Avenue
New Haven, CT 06511
(counsel for Richard Brown)

 

_____
JONATHAN BIRAN
ASSISTANT U.S. ATTORNEY