UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

N-05-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NUMBER: 3:02CR341 (EBB) |
| | : | |
| v. | : | Violations: |
| | : | 18 U.S.C. § 371 (conspiracy to commit |
| ANGEL HERNANDEZ, | : | wire fraud and mail fraud); 18 U.S.C. § 1341 |
| DAVID BROWN, | : | (mail fraud); 18 U.S.C. § 1343 (wire fraud); |
| RICHARD BROWN, and | : | 18 U.S.C. § 2(a) (aiding and abetting); |
| NELSON DATIL, | : | 18 U.S.C. § 2(b) (causing an act to be done). |
| | : | |
| Defendants. | : | |

**FOURTH SUPERSEDING INDICTMENT**

The Grand Jury charges:

**INTRODUCTORY ALLEGATIONS**

1. At all times relevant to this Indictment, Shoreline Motors Corporation, which is not a defendant herein, was incorporated under the laws of the State of Connecticut. Shoreline Motors Corporation did business as "Shoreline Mitsubishi," and operated an automobile dealership located at 165 North Main Street, Branford, Connecticut. Shoreline Mitsubishi was in the business of selling new Mitsubishi automobiles, as well as used automobiles, to the public ("customers").

2. At all times relevant to this Indictment, defendant ANGEL HERNANDEZ was the General Manager of Shoreline Mitsubishi and for a period of time relevant to this Indictment was a 25 percent owner of Shoreline Motors Corporation.

3. At certain times relevant to this Indictment, defendant DAVID BROWN was a salesperson at Shoreline Mitsubishi.

4.  At certain times relevant to this Indictment, defendant RICHARD BROWN was a salesperson at Shoreline Mitsubishi.

5.  At certain times relevant to this Indictment, defendant NELSON DATIL was a salesperson at Shoreline Mitsubishi.

6.  At all times relevant to this Indictment, Mitsubishi Motors Credit of America, Inc. ("Mitsubishi Credit" or "MMCA") was headquartered in Cypress, California, and provided financing to qualified purchasers of Mitsubishi automobiles in the United States.

7.  At certain times relevant to this Indictment, Shoreline Mitsubishi submitted customer credit applications for approval to Mitsubishi Credit in Cypress, California, by interstate wire through facsimile transmission ("faxing"). At other times relevant to this Indictment, Shoreline Mitsubishi submitted customer credit applications for approval to Mitsubishi Credit in Cypress, California, by interstate wire over the Internet through the use of Daybreak Lending Software™ ("Daybreak").

8.  At all times relevant to this Indictment, Shoreline Mitsubishi submitted documents to Mitsubishi Credit in Cypress, California, through the United States mails and by private or commercial interstate carriers in connection with the financing of purchases of automobiles at Shoreline Mitsubishi. Included in these documents mailed to Mitsubishi Credit were copies of the customer credit applications that had been sent by Shoreline Mitsubishi to Mitsubishi Credit via wire for approval.

9.  Among other items that Mitsubishi Credit required dealerships such as Shoreline Mitsubishi to report on customer credit applications for primary applicants and any co-applicants were: name, home address, time at home address, home telephone number, date of birth, Social

Security Number, employer, occupation, time on job, salary (expressed either as a monthly gross figure or as an annual gross figure), other income, and monthly mortgage or rent payment.

10. At all times relevant to this Indictment, Shoreline Mitsubishi salespersons instructed those customers who wished to apply to Mitsubishi Credit for financing to fill out a customer credit application in which the customers were required to provide the information described in paragraph 9 above. Alternatively, the customers orally provided the required information to the salespersons, and the salespersons filled out the customer credit applications.

11. Prior to Shoreline Mitsubishi's conversion to the Daybreak system, defendant ANGEL HERNANDEZ and other Shoreline Mitsubishi employees often rewrote the customer credit applications that had been filled out by the customers. The customer credit applications then were faxed and/or mailed to Mitsubishi Credit.

12. After Shoreline Mitsubishi converted to the Daybreak system, defendant ANGEL HERNANDEZ and other Shoreline Mitsubishi employees used the Daybreak software to type customer credit information into an electronic format which was then sent over the Internet to Mitsubishi Credit. A hard copy of the Daybreak credit application would then be printed out at Shoreline Mitsubishi and subsequently sent to Mitsubishi Credit by U.S. mail or by private or commercial interstate carrier.

13. At all times relevant to this Indictment, if a primary applicant or co-applicant qualified, Shoreline Mitsubishi used Mitsubishi Credit's AutoExpress Approval Program for so-called "FICO" loans. In such instances, a customer credit application did not need to be sent by fax or Daybreak to Mitsubishi Credit. Rather, Shoreline Mitsubishi would send the customer credit applications for FICO loans to Mitsubishi Credit by U.S. mail or by private or commercial

interstate carrier.

14. After receiving customer credit applications and other necessary documents from Shoreline Mitsubishi by U.S. mail and private or commercial interstate carrier, Mitsubishi Credit would extend financing to Shoreline Mitsubishi customers by wiring funds to Shoreline Mitsubishi to pay Shoreline Mitsubishi for the cars purchased by the customers. The customers then were required to make monthly payments to Mitsubishi Credit.

15. With the funds it obtained from Mitsubishi Credit as payment for cars sold to customers, Shoreline Mitsubishi disbursed profits and/or made salary payments to defendant ANGEL HERNANDEZ, and paid salaries and/or commissions to defendants DAVID BROWN, RICHARD BROWN, NELSON DATIL, and others.

## COUNT 1

## CONSPIRACY TO COMMIT MAIL FRAUD AND WIRE FRAUD

16. The allegations contained in paragraphs 1 through 15 are incorporated by reference in this Count as if fully set forth herein.

### The Conspiracy

17. From in or about February 2000 through in or about July 2002, the exact dates being unknown to the grand jury, in the District of Connecticut, defendants ANGEL HERNANDEZ, DAVID BROWN, RICHARD BROWN, and NELSON DATIL, and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate and agree together and with one another to:

    (1) commit mail fraud, contrary to the provisions of Title 18, United States Code, Section 1341; and

(2) commit wire fraud, contrary to the provisions of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

18.     The purpose of the conspiracy was for the defendants, as well as others known and unknown to the grand jury, to violate the federal mail fraud and wire fraud statutes and thereby to obtain money from Mitsubishi Credit and/or Shoreline Mitsubishi's customers through fraudulent means.

### Manner and Means of the Conspiracy

19.     It was a part of the conspiracy that, when defendant ANGEL HERNANDEZ and others known and unknown to the grand jury rewrote customer credit applications for both FICO and non-FICO transactions, they substituted false information for some of the truthful information the customers had provided on the original customer credit applications.

20.     It was a part of the conspiracy that, when defendants DAVID BROWN, RICHARD BROWN, and NELSON DATIL, and other Shoreline Mitsubishi salespersons wrote the first drafts of the customer credit applications, the salespersons substituted false information for the truthful information the customers had orally provided to the salespersons.

21.     It was a part of the conspiracy that, after Shoreline Mitsubishi converted to the Daybreak system, defendant ANGEL HERNANDEZ and other coconspirators used the Daybreak software to type false customer credit information into an electronic format.

22.     It was a part of the conspiracy that the defendants and others known and unknown to the grand jury used interstate wires and the U.S. mails, private or commercial interstate carriers, or caused interstate wires and the U.S. mails, private or commercial interstate carriers to

be used for the purpose of executing a scheme to defraud; to wit, the defendants sent or caused to be sent by interstate wire and by U.S. mail, private or commercial interstate carrier, customer credit applications and other writings and signals to Mitsubishi Credit which contained materially false information, including inflated incomes and understated mortgage or rent payments for primary applicants and/or co-applicants, and false names, occupations, and/or addresses for co-applicants.

23. It was a part of the conspiracy that the defendants and their coconspirators would and did send materially false information to Mitsubishi Credit by interstate wire, U.S. mail, and private or commercial interstate carrier in order to deceive Mitsubishi Credit concerning the customers' income and other material information, and thereby to induce Mitsubishi Credit to extend credit to customers of Shoreline Mitsubishi who would not otherwise have qualified for automobile financing at all or for the amounts approved by Mitsubishi Credit.

24. It was a part of the conspiracy that, after defendant ANGEL HERNANDEZ or another Shoreline Mitsubishi employee either rewrote the customer credit application with false information or entered the false customer credit information into an electronic format using Daybreak, ANGEL HERNANDEZ or another Shoreline Mitsubishi employee would and did destroy the initial customer credit application if it had been filled out by the customer.

25. It was a part of the conspiracy that, in order to induce customers to purchase automobiles at Shoreline Mitsubishi, the defendants and their coconspirators willfully failed to disclose, or caused others to fail to disclose, to customers the existence of large "balloon payments" that were due at the conclusion of their financing contracts, or willfully misled customers with regard to the terms and conditions of those balloon payments.

26. It was a part of the conspiracy that, prior to delivering some automobiles to the purchasing customers, the defendants and their coconspirators would and did remove, or cause to be removed from those automobiles, the so-called "Monroney stickers" which showed the Manufacturer's Suggested Retail Price ("MSRP") for such automobiles, so that the customers would not be able to easily ascertain the MSRP for the automobiles they were purchasing.

27. It was a part of the conspiracy that, at the time customers took possession of the automobiles they purchased at Shoreline Mitsubishi, the defendants and their coconspirators would and did charge, or caused others to charge, a substantially higher price for those automobiles than the customers had agreed to pay.

28. It was a part of the conspiracy that the defendants and their coconspirators willfully failed to disclose, or caused others to fail to disclose, that customers were being charged for insurance policies and extended service contracts which the customers had not requested.

29. It was a part of the conspiracy that the defendants and their coconspirators would and did charge, or caused others to charge, customers for optional items such as CD changers that were not in fact installed in the automobiles delivered to the customers.

30. It was a part of the conspiracy that defendants ANGEL HERNANDEZ, DAVID BROWN, RICHARD BROWN, and others known and unknown to the grand jury took for themselves cash down payments that some customers submitted as part of their car purchases.

31. It was a part of the conspiracy that, with the funds it obtained from Mitsubishi Credit as a result of the scheme to defraud implemented by the defendants and their coconspirators, Shoreline Mitsubishi would and did disburse profits and/or make salary payments to defendant ANGEL HERNANDEZ, and pay salaries and/or commissions to defendants

DAVID BROWN, RICHARD BROWN, NELSON DATIL, and other coconspirators.

### Overt Acts

32.     In furtherance of the conspiracy to commit wire fraud, the defendants and their coconspirators committed or caused to be committed, the following overt acts, among others:

33.     On or about January 29, 2001, defendant ANGEL HERNANDEZ and others known to the grand jury caused Mitsubishi Credit to receive by U.S. mail, or by private or commercial interstate carrier, a false customer credit application in connection with the purchase of a 2001 Mitsubishi Diamante by customer J.L.

34.     On or about November 27, 2001, defendants ANGEL HERNANDEZ, DAVID BROWN, and others known to the grand jury caused Shoreline Mitsubishi to submit to Mitsubishi Credit by interstate wire a false customer credit application in connection with the purchase of a 2002 Mitsubishi Galant by customer P.B.

35.     On or about July 28, 2002, defendant NELSON DATIL and others known and unknown to the grand jury caused Shoreline Mitsubishi to mail to Mitsubishi Credit documents containing false and misleading information, including a false customer credit application, in connection with the purchase of a 2003 Mitsubishi Eclipse by customer R.S.#1.

36.     On or about January 12, 2002, defendant RICHARD BROWN caused Shoreline Mitsubishi to submit to Mitsubishi Credit by interstate wire a false customer credit application in connection with the purchase of a 2002 Mitsubishi Galant by customer R.S.#2.

37.     On or about September 24, 2001, defendant DAVID BROWN caused Shoreline Mitsubishi to submit to Mitsubishi Credit by interstate wire a false customer credit application in connection with the purchase of a 2001 Mitsubishi Lancer by customer A.W.

38. On or about September 24, 2001, defendants ANGEL HERNANDEZ, DAVID BROWN, and others known and unknown to the grand jury caused false and misleading information to be sent to Mitsubishi Credit in order to deceive Mitsubishi Credit into believing that another car loan held in the name of customer A.W. at Crescent Bank and Trust had been paid off, when in fact A.W. continued to owe money to Crescent Bank and Trust on that other car loan.

39. On or about March 4, 2002, Shoreline Mitsubishi sold a 2002 Mitsubishi Galant to customer T.I.  Shoreline Mitsubishi employees known and unknown to the grand jury made false statements to T.I. in order to induce T.I. to pay over $25,000 for her Galant, which had an MSRP of $19,922.00.

40. On or about January 31, 2002, defendant NELSON DATIL sold a 2002 Mitsubishi Galant from which the Monroney sticker had been removed to customer B.M.  B.M. was charged $23,383.30 for this automobile, which was substantially above MSRP.  Included in the $23,383.30 price for this automobile was a charge of $650 for an optional CD changer.  However, no CD changer was included in the automobile that was delivered to B.M.

In violation of Title 18, United States Code, Section 371.

## COUNT 2

## MAIL FRAUD

41. The allegations contained in paragraphs 1 through 15 and 19 through 31 are incorporated by reference in Count 2 as if fully set forth herein.

42. On or about January 28, 2001, in the District of Connecticut, defendant ANGEL HERNANDEZ and others known and unknown to the grand jury, aiding and abetting each other, and causing each other to act, having devised the above-described scheme and artifice to defraud, for the purpose of executing and in order to effect the scheme and artifice to defraud, did knowingly cause to be delivered to Mitsubishi Credit by the United States Postal Service or by private or commercial interstate carrier a customer credit application which contained materially false information concerning the purchase of a 2001 Mitsubishi Diamante by J.L.

In violation of Title 18, United States Code, Sections 1341, 2(a) and 2(b).

## COUNTS 3-17

## WIRE FRAUD

43. The allegations contained in paragraphs 1 through 15 and 19 through 31 are incorporated by reference in Counts 3 through 17 as if fully set forth herein.

44. On or about the following dates, in the District of Connecticut, the following defendants and others known and unknown to the grand jury, aiding and abetting each other, and causing each other to act, for the purpose of executing and attempting to execute the scheme to defraud, did transmit and cause to be transmitted in interstate commerce, by means of a wire, radio, or television communication, certain signs and signals; to wit, customer credit applications

which contained materially false information were transmitted from the premises of Shoreline Mitsubishi in Branford, Connecticut, to the premises of Mitsubishi Credit in Cypress, California, concerning purchases of the following automobiles by the following customers:

| Count | Defendants | Date | Customer(s), including co-applicants | Year, Make and Model of Automobile |
|---|---|---|---|---|
| 3 | ANGEL HERNANDEZ, DAVID BROWN | 5/16/01 | W.W./S.W. | 2001 Mitsubishi Montero |
| 4 | ANGEL HERNANDEZ, DAVID BROWN | 8/22/01 | W.H./A.W. | 2001 Mitsubishi Montero |
| 5 | ANGEL HERNANDEZ, DAVID BROWN | 9/10/01 | A.W. | 2001 Mitsubishi Lancer |
| 6 | ANGEL HERNANDEZ | 6/5/01 | M.P. | 2001 Mitsubishi Galant |
| 7 | ANGEL HERNANDEZ | 7/30/01 | K.M./M.M. | 2001 Mitsubishi Montero |
| 8 | ANGEL HERNANDEZ, RICHARD BROWN | 11/3/01 | R.H. | 2002 Mitsubishi Montero |
| 9 | ANGEL HERNANDEZ, NELSON DATIL | 3/12/02 | M.J.B. | 2002 Mitsubishi Galant |
| 10 | ANGEL HERNANDEZ, DAVID BROWN | 9/18/01 | G.M./L.B. | 2002 Mitsubishi Galant |
| 11 | ANGEL HERNANDEZ, RICHARD BROWN | 9/24/01 | A.R.#1/A.R.#2 | 2001 Mitsubishi Galant |
| 12 | ANGEL HERNANDEZ, RICHARD BROWN | 9/24/01 | A.R.#2/T.N. | 2002 Mitsubishi Lancer |
| 13 | ANGEL HERNANDEZ | 10/30/01 | M.V./F.V. | 2002 Mitsubishi Galant |
| 14 | ANGEL HERNANDEZ, NELSON DATIL | 5/16/02 | L.E. | 2003 Mitsubishi Eclipse |

| 15 | ANGEL HERNANDEZ, DAVID BROWN | 11/27/01 | P.B./M.B. | 2002 Mitsubishi Galant |
| 16 | ANGEL HERNANDEZ | 12/11/01 | I.S.#1/T.M. | 2002 Mitsubishi Montero |
| 17 | ANGEL HERNANDEZ, RICHARD BROWN | 1/12/02 | R.S.#2/M.A. | 2002 Mitsubishi Galant |

Each count in violation of Title 18, United States Code, Sections 1343, 2(a) and 2(b).

## COUNT 18

## MAIL FRAUD

45.     The allegations contained in paragraphs 1 through 15 and 19 through 31 are incorporated by reference in Count 18 as if fully set forth herein.

46.     On or about January 11, 2002, in the District of Connecticut, defendants ANGEL HERNANDEZ and RICHARD BROWN, aiding and abetting each other, and causing each other to act, having devised the above-described scheme and artifice to defraud, for the purpose of executing and in order to effect the scheme and artifice to defraud, did knowingly cause to be delivered to Mitsubishi Credit by the United States Postal Service or by private or commercial interstate carrier a customer credit application which contained materially false information concerning the purchase of a 2002 Mitsubishi Galant by customers D.F. and A.B.

In violation of Title 18, United States Code, Sections 1341, 2(a) and 2(b).

## COUNTS 19-21

## WIRE FRAUD

47.     The allegations contained in paragraphs 1 through 15 and 19 through 31 are incorporated by reference in Counts 19 through 21 as if fully set forth herein.

48.     On or about the following dates, in the District of Connecticut, the following defendants and others known and unknown to the grand jury, aiding and abetting each other, and causing each other to act, for the purpose of executing and attempting to execute the scheme to defraud, did transmit and cause to be transmitted in interstate commerce, by means of a wire, radio, or television communication, certain signs and signals; to wit, customer credit applications which contained materially false information were transmitted from the premises of Shoreline Mitsubishi in Branford, Connecticut, to the premises of Mitsubishi Credit in Cypress, California, concerning purchases of the following automobiles by the following customers:

| Count | Defendants | Date | Customer(s), including co-applicants | Year, Make and Model of Automobile |
|---|---|---|---|---|
| 19 | ANGEL HERNANDEZ, NELSON DATIL | 1/31/02 | B.M./C.M. | 2002 Mitsubishi Galant |
| 20 | ANGEL HERNANDEZ, NELSON DATIL | 4/16/02 | J.B. | 2002 Mitsubishi Galant |
| 21 | ANGEL HERNANDEZ, DAVID BROWN | 4/30/02 | P.D./G.D. | 2002 Mitsubishi Galant |

Each count in violation of Title 18, United States Code, Sections 1343, 2(a) and 2(b).

## COUNT 22

## MAIL FRAUD

49.     The allegations contained in paragraphs 1 through 15 and 19 through 31 are incorporated by reference in Count 22 as if fully set forth herein.

50.     On or about July 28, 2002, in the District of Connecticut, defendants ANGEL HERNANDEZ and NELSON DATIL, aiding and abetting each other, and causing each other to act, having devised the above-described scheme and artifice to defraud, for the purpose of executing and in order to effect the scheme and artifice to defraud, did knowingly cause to be delivered to Mitsubishi Credit by the United States Postal Service or by private or commercial interstate carrier a customer credit application which contained materially false and misleading information concerning the purchase of a 2003 Mitsubishi Eclipse by customers R.S.#1, I.S.#2, and C.S.

In violation of Title 18, United States Code, Sections 1341, 2(a) and 2(b).

A TRUE BILL,

\_//s/_____
FOREPERSON

\_//s/_____
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

\_//s/_____
PETER S. JONGBLOED
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY

\_//s/_____
JONATHAN BIRAN
ASSISTANT UNITED STATES ATTORNEY

\_//s/_____
MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY