UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:02CR341 (EBB) |
| | : | |
| | : | |
| ANGEL HERNANDEZ, et al. | : | August 5, 2005 |

**GOVERNMENT'S SECOND AMENDED PROPOSED VOIR DIRE QUESTIONS**

The United States of America, through its undersigned counsel, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, respectfully requests this Court to supplement the standard voir dire questions with the following questions in its examination of prospective jurors. The below questions are similar to the questions the Government proposed in its first and second set of voir dire questions. In this set of voir dire questions, we have added a reference in question 21 to Anthony Hernandez, the majority owner of Shoreline Mitsubishi, to ensure disclosure by members of the jury pool of any acquaintanceship with Mr. Hernandez. Also, the last question has been changed to reflect that the case may not conclude until September 1. In light of comments made by defendant David Brown's attorney at a bond hearing on August 3, 2005, concerning potential defense cases, the Government believes that it would be advisable to add in another day for jury deliberations.

The Government again requests that leave be granted to orally tender supplemental questions as may become necessary in light of the answers of the prospective jurors.

1. Do you, your relatives, or close friends, to the best of your knowledge, know any of the defendants in this case: Angel Hernandez, David Brown, Richard Brown, or Nelson Datil?

If so:

    (a)    How do you, your family member, or friend know any of the defendants?

    (b)    Would that relationship with one or more defendants prevent you from rendering a fair verdict based solely on the evidence brought out at trial?

2.    Do any of you, your relatives, or close friends, to the best of your knowledge, know any of the attorneys for the defendants, Kurt F. Zimmermann of New Haven, Connecticut for Angel Hernandez, Richard S. Cramer of Wethersfield, Connecticut for David Brown, Michael S. Hillis of New Haven, Connecticut for Richard Brown, or Jonathan J. Einhorn of New Haven, Connecticut for Nelson Datil?  If so, would that relationship affect your ability to render a fair and impartial verdict?

3.    Representing the United States in this case are Assistant United States Attorneys Jonathan Biran and Michael S. McGarry.  Do any of you, your relatives, or close friends, to the best of your knowledge, know Mr. Biran or Mr. McGarry?  If so, would that relationship affect your ability to render a fair and impartial verdict?

4.    Do any of you, your relatives, or close friends, to the best of your knowledge, know any of the other Assistant United States Attorneys who work with Mr. Biran and Mr. McGarry at the United States Attorney's Office for the District of Connecticut?   A list of the attorneys in the United States Attorney's Office has been provided to each of you.

5.    Seated at counsel table with the attorneys for the United States are FBI Special Agent Alicia Wojtkonski and Secret Service Special Agent Stuart Coller.  Do any

of you, your relatives, or close friends, to the best of your knowledge, know

Agents Wojtkonski and Coller?  If so, would that relationship affect your ability

to render a fair and impartial verdict?

6.     The Government <u>may</u> call the following witnesses in its case: Insert names from

Government's Witness List.  Does any one know any of these potential witnesses?

7.     Have any of you read or heard any publicity, news, or other information relating to

this trial which involves allegations of conspiracy, wire fraud, and mail fraud at

the Shoreline Mitsubishi car dealership in Branford, Connecticut?

(a)     Is there anything that you have read or heard that has caused you to form

an opinion in this case as to the guilt or innocence of any of the defendants

or that might influence your ability to be a fair and impartial juror and

deliberate solely on the evidence presented at trial?

(b)     Do any of you have any personal knowledge of the facts in this case other

than what you have heard in this courtroom today? [If affirmative

response, consider further inquiry at sidebar.]

8.     Government agents or employees may testify in this case.  Do you believe that the

testimony of a government agent or employee is entitled to greater weight than

any other witness?

9.     Do you believe that the testimony of a government agent or employee is entitled

to less weight than any other witness?

10.     Have any of you had any disputes with federal government, or with any state or

local government concerning a legal matter such as social security benefits,

3

veteran's benefits, a dispute over taxes, or any other matter?

    (a)    If so, what was the nature of the dispute and which agency or governmental entity was involved?

    (b)    Is there anything about your dispute with that governmental entity that might influence your ability to be a fair and impartial juror and deliberate solely on the evidence presented at trial?

11.    Have you, any member of your family, or a close friend ever been involved in any civil suit or case involving the United States Government, or with any state or local government ?

12.    Have any of you had any legal or law enforcement training?

If so:

    (a)    What kind of training?

    (b)    Would that training affect your ability to follow the court's instructions on the law that should be applied in this case?

13.    Do any of you have immediate relatives or close friends who are law enforcement officers or employed by a division of law enforcement, either federal, state or local?  If so:

    (a)    Who?

    (b)    When were they employed?

    (c)    With what agency?

    (d)    Are you, your family member, or friend still so employed?  If not, why did you, your family member, or friend leave that job?

14.    Have any of you, a close friend or relative, ever been employed by the federal

government or by any state or local government?  If so:

   (a)     Who?

   (b)     When were they employed?

   (c)     With what agency?

   (d)     Are you, your family member, or friend still so employed?  If not, why did

        you, your family member, or friend leave that job?

15.    Do any of you have immediate relatives or close friends who are lawyers or law

students?

16.    Have any of you ever served on a jury, federal or state, before?

If so:

   (a)     Was it a criminal or civil case?

   (b)     If a criminal case, were you able to reach a verdict in that case?  If so, what

was that verdict?

17.    Have any of you, or close friends or relatives, ever been charged with, convicted

of, or been investigated concerning a criminal offense, other than minor traffic

violations?

If so:

   (a)     Who, if anyone, was the person charged with the offense?

   (b)     How long ago?

   (c)     What was the nature of the offense?

   (d)     What happened after you, or your friend or relative, were charged?

(e)     Would that experience prevent you from rendering a fair and impartial
        verdict based solely on the evidence in this case?

18.     The defendants are presumed innocent until proven guilty of the offenses charged
        in the indictment. The United States is required to prove its case beyond a
        reasonable doubt. Do you understand that the presumption that each defendant is
        innocent stays with each defendant unless and until you determine as a group that
        the United States has proven its case beyond a reasonable doubt?

19.     If the United States proves its case beyond a reasonable doubt, do you have any
        reason, morally, philosophically or ethically why you could not convict the
        defendants?

20.     The law requires that you base your verdict on the facts as you find them to be
        from the evidence presented at trial. The law does not permit you to consider any
        emotions such as sympathy, prejudice, vengeance, fear, or hostility. Do any of
        you believe you cannot put these emotions out of your mind while listening to the
        evidence in this case or when you are deliberating toward reaching a verdict?

21.     The charges against the defendants in this case involve an alleged conspiracy to
        commit wire fraud and mail fraud. The indictment alleges that the victims of the
        fraud included a number of people who purchased cars at the Shoreline Mitsubishi
        car dealership. Shoreline Mitsubishi is no longer in business. When it was open
        for business, Shoreline Mitsubishi was located at 165 North Main Street in
        Branford, Connecticut. The majority owner of Shoreline Mitsubishi was Anthony
        Hernandez. Does anybody here know Anthony Hernandez?

6

22.     The indictment also alleges that Mitsubishi Motors Credit of America, Inc., of Cypress, California, was a victim of the alleged wire and mail fraud conspiracy conducted at Shoreline Mitsubishi.  If the evidence in this case shows that a large corporation such as Mitsubishi Motors Credit of America, Inc. was a victim, would you have any difficulty convicting the defendants due to the corporate nature of that victim?

23.     Is there anything about the charges in the indictment as I have described them that would make it difficult for you to serve as a juror and be fair and impartial?

24.     Did you, a member of your family, or a close friend ever work at Shoreline Mitsubishi in any capacity?

25.     Did you, a member of your family, or a close friend ever purchase a car at Shoreline Mitsubishi or ever visit that dealership while it was in business?

26.     Have you, a member of your family, or a close friend ever purchased a new or used Mitsubishi automobile anywhere?  Do you believe that anything about that experience as the owner of a Mitsubishi automobile might influence your ability to be a fair and impartial juror in this case?

27.     Have you, a member of your family, or a close friend ever worked at any car dealership in any capacity?  If so, at which dealership, when, and in what capacity?  Do you believe that anything about that experience working for a car dealership might influence your ability to be a fair and impartial juror in this case?

28.     Have you, a member of your family, or a close friend, to the best of your knowledge, ever had an unpleasant experience purchasing a car from a

7

dealership? If so, is there anything about that experience that would make it difficult or impossible for you to view the evidence in this case impartially?

29.  Have you, a member of your family, or a close friend, to the best of your knowledge, ever had a car repossessed by an automobile financing company? If so, is there anything about that experience that would make it difficult or impossible for you to view the evidence in this case impartially?

30.  This is a criminal trial. Your duty, as jurors, is to judge guilt or innocence based upon the evidence. It is my duty to determine punishment if you return a guilty verdict. The law does not permit you to consider the issue of punishment because there are factors having nothing to do with this trial which will determine lenience or harshness. Is there anyone present who would vote "Not Guilty" no matter what the evidence indicates, merely because this crime could possibly result in a prison sentence and even though you will not know whether or not any prison sentence will be imposed?

31.  Provided the government proves the defendants' guilt beyond a reasonable doubt, would anything you might learn about the defendants concerning such things as their age, health, religious affiliation, family circumstances, or occupation prevent you from finding them guilty?

32.  In this case, the government must prove that the defendants acted knowingly and willfully in committing the offenses charged in the indictment. Because it is impossible to ascertain or prove directly the operations of the defendants' minds, the government may ask you to determine their knowledge and intentions by

8

examining all the facts and circumstances surrounding the events charged in the indictment. Would any of you have any hesitancy in basing your verdict upon such so-called circumstantial evidence?

33.   The government may call witnesses who work or worked for the Federal Bureau of Investigation, the United States Secret Service, and the Branford Police Department. Do you harbor any ill feelings or have any negative opinions about those agencies or any other local, state or federal law enforcement agencies?

34.   Would you be able to follow the Court's instructions on the law in this case even if you thought the law should be interpreted differently?

35.   Would you tend to excuse or overlook a criminal offense if you believed it was committed for motives, reasons, or purposes you are sympathetic with?

36.   Is there any reason why any of you, if chosen to sit as a juror, could not render a fair and impartial verdict in this case based solely on the evidence presented and the law as the Court will instruct at the conclusion of this case?

37.   Do any of you have any difficulty with your hearing, sight, or have any other medical problem that might impair your ability to devote full attention to this trial?

38.   Does anyone have difficulty reading or understanding the English language?

39.   This trial will begin tomorrow, August 10, and is expected to continue through approximately Thursday, September 1. Do any of you anticipate that the duration of this trial would cause any severe hardship or difficulty for you because of your employment, family circumstances, health, or other reasons?

40.     Is there any other information that you feel is relevant to your role as juror in this

particular case?

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/
JONATHAN BIRAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No.  ct21922
Email: jonathan.biran@usdoj.gov

/s/
MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct25713
157 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510
(203) 821-3700
Email: michael.mcgarry@usdoj.gov

10

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by facsimile transmission and U.S. mail, postage prepaid, this 5th day of August, 2005, to the following counsel of record:

**Richard S. Cramer, Esq.**
**449 Silas Deane Highway**
**Wethersfield, CT 06109**
**(counsel for David Brown)**

**Kurt F. Zimmermann, Esq.**
**Silverstein and Osach, P.C.**
**234 Church Street, Suite 903**
**New Haven, CT 06510**
**(counsel for Angel Hernandez)**

**Michael S. Hillis, Esq.**
**Dombroski Knapsack & Hillis LLC**
**129 Whitney Avenue**
**New Haven, CT 06511**
**(counsel for Richard Brown)**

**Jonathan J. Einhorn, Esq.**
**412 Orange Street**
**New Haven, CT 06511**
**(counsel for Nelson Datil)**

/s/_____
JONATHAN BIRAN
ASSISTANT U.S. ATTORNEY

11