FILED

2005 AUG 29  P 2: 20

U.S. ... URT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| PLAINTIFF ) | CRIMINAL NO.: 3:02cr341 (EBB) |
| ) | |
| V. ) | |
| ) | |
| ) | August 29, 2005 |
| RICHARD BROWN ) | |
| DEFENDANT ) | |
| ) | |

## DEFENDANT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Fed.R.Crim.Pro. the defendant, **RICHARD BROWN**, respectfully requests that the Court instruct the jury on the law as set forth in requests to charge submitted herewith. Defendant further seeks the permission of this Court to amend or supplement these instructions to conform to the evidence subsequently received at trial or to legal theories adopted in response to the proof adduced.

### REQUEST NO. 1

"The general rule is that where a person of mature years and who can **read** and write, signs or accepts a formal written **contract** affecting his pecuniary interests, it is his duty to **read** it and **notice** of its contents will be imputed to him if he negligently fails to do so; but this rule is subject to the qualifications including intervention of fraud or artifice, or mistake not due to negligence."

**Authority:**

Ursini v. Goldman, 118 Conn. 554, 562, 173 A. 789 (1934); Smith v. Mitsubishi Motors Credit of America, Inc., 247 Conn. 342, 351-352, 721 A.2d 1187 (1998).

## REQUEST NO. 2

It is the Defendant's theory of the case the Mitsubishi Motors Credit of America, Inc. ("MMCA") was in partnership with Shoreline Mitsubishi a/k/a Shoreline Motors, Inc. a/k/a Anthony Hernandez Shoreline Mitsubishi, Inc. and knew of and condoned the activities of the owner and employees of Shoreline Mitsubishi a/k/a Shoreline Motors, Inc. a/k/a Anthony Hernandez Shoreline Mitsubishi, Inc. that were in violation of MMCA's policies.

MMCA's knowledge or condonation of the commission of an offense does not by itself constitute a defense or an excuse. However, any evidence of MMCA's action or omission, or evidence of deficiencies in the manner in which it implemented and enforced its policies and procedures, may be considered by you on the issue of the Defendants intent to commit the crimes with which they have been charged with.

"The defendant has no obligation whatsoever to prove to you that his theory is correct, but rather the burden is always on the government to prove all of the material elements of each offense charged beyond a reasonable doubt [,] including the element of intent with respect to each offense [,] as I have already explained to you."

**Authority:**

USA v. Jocelyn, 99 F.3d 1182, 1194 (1996); see generally New England Enters., Inc. v. United States, 400 F.2d 58, 71-72 (1st Cir. 1968), *cert denied*, 393 U.S. 1036 (1969).

THE DEFENDANT
**RICHARD BROWN**

BY: _____
MICHAEL S. HILLIS
DOMBROSKI, KNAPSACK & HILLIS LLC
HIS ATTORNEYS
129 Whitney Avenue
New Haven, CT 06510
(203) 624-9096
Fed. Bar No.: ct11867

**CERTIFICATION**

I hereby certify that a true copy of the foregoing was hand delivered this 29th day of August, 2005, to all counsel of record.

_____
MICHAEL S. HILLIS